SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------------X
VINCENT G. GARGIULO,

                         Plaintiff,

-against-

S. KATZMAN PRODUCE INC.,

                        Defendant.
----------------------------------------------------------------X

Filed:
Index No.:

**SUMMONS**

Plaintiff designates
BRONX County
as the place of trial.

The basis of venue is
Situs of occurrence

TO THE ABOVE-NAMED DEFENDANT:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, to, if the complaint is not served with the summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
           December 17, 2018

The nature of this action is for injuries sustained as a result of the defendant's negligence. The relief sought is monetary damages.

LIAKAS LAW, P.C.

BY: Dean N. Liakas, ESQ.
*Attorney for Plaintiff*
65 Broadway, 13th Floor
New York, N.Y. 10006
(212) 937-7765

**Failure to respond, a judgment will be against you, by default and interest from February 7, 2017.**

**Defendant:**
**S. KATZMAN PRODUCE INC.**
213 Row A NYC Terminal Market
Bronx, New York 10474

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
VINCENT G. GARGIULO,

                    Plaintiff,

      -against-

S. KATZMAN PRODUCE INC.,

                    Defendant.
-----------------------------------------------------------------X

Filed:
Index No.:

**VERIFIED COMPLAINT**

Plaintiff, by his attorneys, LIAKAS LAW, P.C., complaining of the defendant herein, respectfully shows to this court and alleges as follows:

DKJ   1.   At all times hereinafter mentioned, the plaintiff, **VINCENT G. GARGIULO,** at all times herein mentioned was and still is a resident of the county of Bergen and State of New Jersey.

A   2.   That upon information and belief, and at all the times herein mentioned, the Defendant, S. **KATZMAN PRODUCE INC.,** was and still is a resident of the county of Bronx, City and State of New York.

D   3.   That upon information and belief, and at all the times herein mentioned, the Defendant, S. **KATZMAN PRODUCE INC.,** owned the premises and staircase located at 101 Food Center Drive, #8A, County of Bronx, City and State of New York.

DKJ   4.   That upon information and belief, and at all the times herein mentioned, the Defendant, S. **KATZMAN PRODUCE INC.,** was a lessor of the premises and staircase located at 101 Food Center Drive, #8A, County of BRONX, City and State of New York.

DKJ   5.   That upon information and belief, and at all the times herein mentioned, the Defendant, S. **KATZMAN PRODUCE INC.,** was a lessee of the premises and staircase located at 101 Food Center Drive, #8A, County of Bronx, City and State of New York.

6. That upon information and belief, and at all the times herein mentioned, the Defendant, S. KATZMAN PRODUCE INC., and Defendant's agents, servants and/or employees, managed the premises and staircase known as "Hunts Point Produce Market" located at 101 Food Center Drive, #8A, County of Bronx, City and State of New York.

7. That upon information and belief, and at all the times herein mentioned, S. KATZMAN PRODUCE INC., and Defendant's agents, servants and/or employees, maintained the premises and staircase known as "Hunts Point Produce Market" located at 101 Food Center Drive, #8A, County of Bronx, City and State of New York.

8. That upon information and belief, and at all the times herein mentioned, S. KATZMAN PRODUCE INC., and Defendant's agents, servants and/or employees, controlled the premises and staircase known as "Hunts Point Produce Market" located at 101 Food Center Drive, #8A, County of Bronx, City and State of New York.

9. That upon information and belief, and at all the times herein mentioned, S. KATZMAN PRODUCE INC., and Defendant's agents, servants and/or employees, supervised the stairway within the premises and staircase known as "Hunts Point Produce Market" located at 101 Food Center Drive, #8A, County of Bronx, City and State of New York.

10. That upon information and belief, and at all the times herein mentioned, S. KATZMAN PRODUCE INC., and Defendant's agents, servants and/or employees, inspected the premises and staircase known as "Hunts Point Produce Market" located at 101 Food Center Drive, #8A, County of Bronx, City and State of New York.

11. That upon information and belief, and at all the times herein mentioned, S. KATZMAN PRODUCE INC., and Defendant's agents, servants and/or employees, repaired the premises

and staircase known as "Hunts Point Produce Market" located at 101 Food Center Drive, #8A, County of Bronx, City and State of New York.

12. That upon information and belief, and at all the times herein mentioned, **S. KATZMAN PRODUCE INC.,** and Defendant's agents, servants and/or employees, designed the premises and staircase known as "Hunts Point Produce Market" located at 101 Food Center Drive, #8A, County of Bronx, City and State of New York.

13. That upon information and belief, and at all the times herein mentioned, **S. KATZMAN PRODUCE INC.,** and Defendant's agents, servants and/or employees, constructed the premises and staircase known as "Hunts Point Produce Market" located at 101 Food Center Drive, #8A, County of Bronx, City and State of New York.

14. That upon information and belief, and at all the times hereinafter mentioned, the Defendant, **KATZMAN PRODUCE INC.,** and Defendant's agents, servants and/or employees, was under a duty and obligation to maintain the premises and staircase known as "Hunts Point Produce Market" located at 101 Food Center Drive, #8A, County of Bronx, City and State of New York.

15. That on or about February 7, 2017, Plaintiff, **VINCENT G. GARGIULO,** was lawfully on the aforesaid premises and staircase(s).

16. That on or about February 7, 2017, while Plaintiff, **VINCENT G. GARGIULO,** was on the aforesaid exterior stairway, he was caused to slip/trip and fall on a slippery, wet, and/or otherwise defective condition on the stairway.

17. That Defendant herein was negligent, reckless and careless in the maintenance and/or supervision of the aforesaid location, without Plaintiff in any way contributing thereto.

18. That the aforesaid accident was due solely and wholly as a result of the careless and

negligent manner in which one or more of Defendant owned, operated, maintained, controlled, managed, leased, supervised, repaired, inspected, constructed and/or designed, the aforesaid location, without Plaintiff in any way contributing thereto.

19. That Defendant herein was negligent, reckless and careless in that it violated its duties to persons on the aforesaid location and to this Plaintiff in particular, in knowingly permitting, suffering and allowing the aforesaid location to be, become and remain in a defective, unsafe and dangerous condition, and was further negligent in failing to take suitable precautions for the safety of persons lawfully at the aforesaid location.

20. That by reason of the foregoing and the negligence of Defendant, Plaintiff, **VINCENT G. GARGIULO,** was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

21. That by reason of the foregoing, Plaintiff, **VINCENT G. GARGIULO,** was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefore for medicines and upon information and belief, Plaintiff, **VINCENT G. GARGIULO,** will necessarily incur similar expenses.

22. That by reason of the foregoing, Plaintiff, **VINCENT G. GARGIULO,** has been unable to attend to his usual occupation in the manner required.

23. That one or more of the exceptions of §1602 of the Civil Practice Law and Rules do apply to the within action.

24. That as a result of the foregoing, Plaintiff, **VINCENT G. GARGIULO,** sustained damages in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined

upon trial of this action.

**WHEREFORE**, Plaintiff demands that the following judgments in favor of Plaintiff, **VINCENT G. GARGIULO**, awarding damages against the defendants for an amount which exceeds the jurisdictional limits of all other Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action, together with costs and disbursements of this action, and with interest from the date of the accident.

Dated: New York, New York
      December 17, 2018

                      Yours, etc.

                      LIAKAS LAW, P.C.

By: _____
     Dean N. Liakas, Esq.
     *Attorneys for Plaintiff*
     65 Broadway, 13th Floor
     New York, New York 10006
     (212) 937-7765

STATE OF NEW YORK     )
                      ) ss
COUNTY OF NEW YORK    )

I, the undersigned, an attorney admitted to practice in the courts of New York State, state under penalty of perjury that I am one of the attorneys for Plaintiff in the within action; I have read the foregoing **SUMMONS AND VERIFIED COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true. The reason this verification is made by me and not by my client, is that my client are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigations conducted by my office.

Dated: New York, New York
       December 17, 2018

_____
Dean N. Liakas, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

VINCENT G. GARGIULO,

                    Plaintiff,

-against-

S. KATZMAN PRODUCE INC.,

                    Defendant.

---

LIAKAS LAW, P.C.
65 Broadway, 13th Floor
New York, New York 10006
212-937-7765

---

**Summons and Verified Complaint**

---

STATE OF NEW YORK, COUNTY OF NEW YORK, SS:

DEAN N. LIAKAS, the undersigned, an attorney admitted to practice in the Courts of New York State, affirms the following:

I further certify that my signature below acts as a "certification" for the documents attached hereto, in compliance with section 130-1.1-a of the Rules of the Chief Administrator (22 NYCRR).

Dated: New York, New York
        December 17, 2018

                                      DEAN N. LIAKAS, ESQ.

---

PLEASE TAKE NOTICE

( )    that the within is a (certified) true copy of a Notice of entered in the Office of the clerk of the within Entry named Court on

( )    that an Order of which the within is a true copy will be presented for Notice of settlement to the Hon. one of the Judges of the Settlement within named Court, on at